IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ROBIN J. SIMMONS-BLOUNT )<br>)<br>Plaintiff, pro se, )<br>)<br>v. )<br>)<br>)<br>)<br>GUILFORD COUNTY BOARD OF )<br>EDUCATION and MICHAEL )<br>HARRIS, )<br>)<br>Defendants. ) | **MEMORANDUM OPINION,<br>RECOMMENDATION,<br>AND ORDER**<br><br>1:06-CV-944 |

This matter is before the court on the following motions: (1) a motion for summary judgment (docket no. 28) filed by Defendants Michael Harris and the Guilford County Board of Education, (2) and a motion to strike Defendants' Reply Brief in Support of Motion for Summary Judgment (docket no. 33) filed by Plaintiff. The parties have responded to the motions, and, in this respect, the matter is ripe for disposition. The parties have not consented to the jurisdiction of the magistrate judge, thus the motion for summary judgment must be dealt with by way of recommendation. For the reasons stated herein, (1) it will be recommended that Defendants' motion for summary judgment be granted on the ground that Plaintiff failed to establish a *prima facie* case of discrimination, and (2) the motion to strike Defendants' Reply Brief in Support of Motion for Summary

Judgment is denied on the ground that it was timely filed and is not redundant. Finally, I note that Plaintiff filed an untimely "Supplemental Response to Defendant's Motion for Summary Judgment" (docket no. 37). This document will be stricken on the ground that it was untimely and Plaintiff filed it without first seeking permission from the court.

## I. Facts

This case arises out of Plaintiff's allegations of discrimination based upon disparate treatment compared to another employee. Plaintiff is "Black," and at the time of the discrimination she was 50 years old. Compl. ¶¶ 1, 3 (docket no. 2). Plaintiff was a teacher at Ben L. Smith High School (Smith High) in Guilford County, North Carolina from August 2003 until October 7, 2005. Compl. ¶ 3 (docket no. 2); Pl.'s Dep. at 8 (docket no. 29, attach. no. 1). Smith High is under the control and supervision of Defendant Guilford County Board of Education (Board). Def.'s Br. in Supp. of Mot. for Summ. J. at 1 (docket no. 29).

On October 7, 2005, Plaintiff was teaching a theater class at Smith High. Pl.'s Dep. at 32 (docket no. 29, attach. no. 1). After returning from a meeting with the assistant principal, a white student refused to take her seat and stood in the center of the classroom eating candy. *Id.* at 42-43. A verbal exchange ensued between Plaintiff and student regarding the candy. *Id.* at 43-47. The student then sat in Plaintiff's seat. *Id.* at 46. Shortly after sitting in Plaintiff's seat, a

physical confrontation began between Plaintiff and the student. The confrontation spilled into the hallway, *id.* at 49-53, and was broken up when another staff member arrived. *Id.* at 53-44.

Following the incident, the school's principal conducted an investigation and gathered witness statements from students at the scene. Misher Aff. ¶¶ 7, 8 (docket no. 29, attach. no. 3). According to the principal, several "statements described conduct by Plaintiff that violated the standards of conduct expected of teachers in the Guilford County Schools." *Id.* ¶ 9. That same day, Plaintiff met with Shirley Morrison, Executive Director of Human Resources, and Carla Alphin, staff investigator, at the Guildford County Schools' office. Pl.'s Dep. at 108 (docket no. 29, attach. no. 2); Misher Aff. ¶ 4 (docket no. 29, attach. no. 3). During the meeting, Plaintiff wrote out and signed a resignation letter. Pl.'s Dep. at 121 (docket no. 29, attach. no. 2); Pl.'s Dep. Ex. 4 (docket no. 29, attach. no. 4). Plaintiff also signed a Resignation and Release of Liability. Pl.'s Dep. at 122-23 (docket no. 29, attach. no. 2); Pl.'s Dep. Ex. 5 (docket no. 29, attach. no. 5). Plaintiff alleges that her resignation on October 7, 2005, was involuntary. Compl. ¶ 3 (docket no. 2).

On July 31, 2006, the U.S. Equal Employment Opportunity Commission (EEOC) mailed a right-to-sue letter to Plaintiff. On October 30, 2006, Plaintiff filed a *pro se* complaint against the Board and Michael Harris, an agent of the

3

Board (collectively, Defendants).[1]  On September 16, 2008, this court denied Plaintiff's Motion for Extension of Time to Complete Discovery.

## II. Plaintiff's Allegations

Plaintiff alleges she was discriminated against because of her race in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, and because of her age in violation of the Age Discrimination in Employment Act of 1967 (ADEA), as amended, while working as a teacher at Smith High.  Compl. ¶¶ 1, 2 (docket no. 2).  She claims that she was treated differently from a "white/light skin color" teacher "under 40," who was involved in a similar physical incident with a "Black" student a week later.  *Id.* ¶ 4.  Plaintiff claims that she was "forced to sign a resignation under threats," while the other teacher "was not terminated nor was she forced to resign."  *Id.* ¶¶ 3, 4.

## III. Discussion

A.  Standard of Review for Defendants' Motion for Summary Judgment

Summary judgment is appropriate when there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c); *Zahodnick v. Int'l Bus. Machs. Corp.*, 135 F.3d 911, 913 (4th Cir. 1997).  The party seeking summary judgment bears the burden of initially coming forward and demonstrating the absence of a genuine issue of material fact.

---

[1] Other Defendants named in the complaint have been dismissed.  *See* Dismissal Order (docket no. 16).

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party must then affirmatively demonstrate that there is a genuine issue of material fact which requires trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a fact finder to return a verdict for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Sylvia Dev. Corp. v. Calvert County, Md.*, 48 F.3d 810, 817 (4th Cir. 1995). Thus, the moving party can bear its burden either by presenting affirmative evidence or by demonstrating that the non-moving party's evidence is insufficient to establish his claim. *Celotex Corp.*, 477 U.S. at 331 (Brennan, J., dissenting). When making the summary judgment determination, the court must view the evidence, and all justifiable inferences from the evidence, in the light most favorable to the non-moving party. *Zahodnick*, 135 F.3d at 913; *Halperin v. Abacus Tech. Corp.*, 128 F.3d 191, 196 (4th Cir. 1997).

B. Subject Matter Jurisdiction

Defendants argue that the court lacks subject matter jurisdiction because Plaintiff failed to satisfy jurisdictional requirements under Title VII and the ADEA in her complaint. *See* Def.'s Br. in Supp. of Mot. for Summ. J. at 6-7 (docket no. 29). Specifically, Defendants state that Plaintiff "failed to allege and prove filing of a timely charge of discrimination with the EEOC." *Id.* at 7. Defendants also

5

argue that Plaintiff "fails to allege that her lawsuit is based on her Charge of Discrimination, or that she filed her suit within ninety (90) days of receiving the [EEOC right-to-sue] letter." *Id.* I disagree.

The existence of subject matter jurisdiction is a threshold issue that a court must consider before the merits of an action. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998); *Jones v. Am. Postal Workers Union, Nat'l*, 192 F.3d 417, 422 (4th Cir. 1999). Questions regarding subject matter jurisdiction may be raised at any time by any party, or raised *sua sponte* by the court. *Plyler v. Moore*, 129 F.3d 728, 731 n.6 (4th Cir. 1997). *See also* FED. R. CIV. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."). The burden of establishing subject matter jurisdiction is on the party asserting its existence. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). Nevertheless, *pro se* pleadings are treated liberally. *See Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978), *cert. denied*, 439 U.S. 970 (1978).

"[A] plaintiff in a civil action under Title VII must allege and prove filing of a timely charge of discrimination with the Equal Employment Opportunity Commission together with the receipt of, and action on, a statutory notice of his right to sue." *United Black Firefighters of Norfolk v. Hirst,* 604 F.2d 844, 847 (4th

6

Cir. 1979); *Davis v. N.C. Dep't of Corr.*, 48 F.3d 134, 140 (4th Cir. 1995) ("[R]eceipt of, or at least entitlement to, a right-to-sue letter is a jurisdictional prerequisite that must be alleged in a plaintiff's complaint.") (citing *Hirst,* 604 F.2d at 847). In *Davis*, the Fourth Circuit explained that exceptions to the jurisdictional requirement exist if there are "'compelling circumstances which justify a departure from established procedures.'" *Davis*, 48 F.3d at 140 n.4 (quoting *Puckett v. Tenn. Eastman Co.*, 889 F.2d 1481, 1488 (6th Cir. 1989)).

Here, Plaintiff's failure to explicitly satisfy jurisdictional requirements in her complaint is not fatal because she enclosed the EEOC right-to-sue letter at the end of her complaint. The Fourth Circuit has not addressed the acceptability of an EEOC right-to-sue letter attached to a complaint; nevertheless, other circuits provide persuasive guidance. *See, e.g., Page v. Ark. Dep't of Corr.*, 222 F.3d 453 (8th Cir. 2000) (letter to district court with EEOC right-to-sue letter attached was sufficient to initiate a Title VII action); *Winbush v. State of Iowa*, 66 F.3d 1471, 1477-78 (8th Cir. 1995) (substantial compliance with filing requirements of 42 U.S.C. § 2000e-5(f)(1)–such as making some effort to initiate action–excuses strict compliance with Title VII procedural requirements); *McClellon v. Lone Star Gas Co.*, 66 F.3d 98, 101-03 (5th Cir. 1995) (*pro se* pleadings accorded liberality; Title VII complaint lacking required elements was still considered to be timely filed); *Judkins v. Beech Aircraft Corp.*, 745 F.2d 1330, 1331-32 (11th Cir. 1984)

7

(per curiam) (filing of EEOC complaint in district court in conjunction with right-to-sue letter more than adequately complies with requirements). The guidance provided by other circuits is consistent and persuasive enough to support a finding that attaching a right-to-sue letter to the complaint substantially complies with Title VII's jurisdictional requirements. Accordingly, this court has subject matter jurisdiction.

I further find that the complaint was timely filed because FED. R. CIV. P. 6(d) adds three days to the deadline for filing a complaint if service was completed by mail. *See Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n.1 (1984) (per curiam) (applying the 3-day rule in a Title VII case where the date of receipt was not pleaded). The EEOC right-to-sue letter was mailed on July 31, 2006, and the complaint was timely filed on October 30, 2006, 91 days later. *See* Compl. (docket no. 2). Accordingly, this court has subject matter jurisdiction.

C. Rule 36 Admissions

Defendants next argue that "Plaintiff's claims are defeated by her failure to answer Requests for Admission pursuant to Rule 36 of the Federal Rules of Civil Procedure." *See* Def.'s Br. in Supp. of Mot. for Summ. J. at 9 (docket no. 29). I disagree.

An admission obtained by a party's failure to respond to a request for admission may constitute the basis for a summary judgment award. *See Conlon*

8

*v. United States*, 474 F.3d 616, 621 (9th Cir. 2007); *United States v. 2204 Barbara Lane*, 960 F.2d 126, 129 (11th Cir. 1992); *Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 176 n.7 (3d Cir. 1990); *United States v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987); *Dukes v. S.C. Ins. Co.*, 770 F.2d 545, 548-49 (5th Cir. 1985). Where *pro se* litigants are involved, however, courts have been reluctant to grant summary judgment upon a failure to respond to requests for admission without first giving the *pro se* litigant notice and an opportunity to be heard on the issue. *See In re Savage*, 303 B.R. 766, 773 (D. Md. 2003) ("Federal Rule of Civil Procedure 36 was not intended to be used as a technical weapon to defeat the rights of pro se litigants to have their cases fairly judged on the merits."); *United States v. Turk*, 139 F.R.D. 615, 618 (D. Md. 1991) ("[T]o conclusively find the facts central to this litigation against the defendant without giving him an opportunity to be heard would not further the interests of justice."); *Fireman's Ins. Co. v. Herbert*, No. 4:04cv139, 2005 WL 3536091, at *1 (E.D. Va. Dec. 20, 2005) (granting *pro se* defendants an additional fifteen days to respond to requests for admission before ruling on motion for summary judgment). This court declines to use Rule 36 "as a snare for this unwary pro se [litigant]." *Turk*, 139 F.R.D. at 618. Accordingly, the court will not deem admitted these unanswered requests for admission for the purposes of Defendant's motion. *See*

9

Jones *v. Jack Henry & Assocs., Inc.*, No. 3:06cv428, 2007 WL 4226083, at *2 (W.D.N.C. Nov. 30, 2007) (adopting the rule in *Turk*).

D.  Request for Additional Time for Discovery

Plaintiff opposes summary judgment because "she did not have enough time to gather sufficient evidence relevant to her case and for good cause."  Pl.'s Resp. to Def.'s Mot. for Summ. J. at 2 (docket no. 31).  Plaintiff filed a Rule 56(f) affidavit explaining why she could not present facts to oppose summary judgment.  *See* Ex. A to Pl.'s Resp. to Def.'s Mot. for Summ. J. (docket no. 31, attachment 1).  Because the issue of additional time for discovery has already been decided, *see* Text Order Den. Mot. for Extension of Time to Complete Disc. (Sept. 2, 2008), and Plaintiff presents no new reasons to support an extension, the request is denied.[2]  *See* FED. R. CIV. P. 56(f) ("the court may . . . deny the motion . . . ."); *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) ("'[S]ummary judgment [must] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition.'") (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)).

---

[2]  Plaintiff filed this action on October 30, 2006, and the discovery period ended on August 20, 2008.  *See* Text Order Approving Rule 26f Report (Mar. 14, 2008).

10

E. *Prima Facie* Case of Discrimination

Defendants next argue that summary judgment should be granted because Plaintiff has failed to establish a *prima facie* case of discrimination. *See* Def.'s Br. in Supp. of Mot. for Summ. J. at 11 (docket no. 29). I agree.

Under Title VII, it is unlawful for an employer to discriminate against an employee based on that individual's "'race, color, religion, sex, or national origin.'" *Burlington N. & Santa Fe Ry. Co. v. White,* 548 U.S. 53, 56 (2006) (quoting 42 U.S.C. § 2000e-2(a)). Under the ADEA, it is "'unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." *Reeves v. Sanderson Plumbing Prods.,* 530 U.S. 133, 141 (2000) (quoting 29 U.S.C. § 623(a)(1)). Plaintiff's complaint alleges that she was discriminated against based on her race, in violation of Title VII, and based on her age, in violation of the ADEA. *See* Compl. ¶¶ 1-2 (docket no. 2).

This Court has followed the rule that "[t]he burden-shifting scheme in *McDonnell Douglas* [*Corp. v. Green*, 411 U.S. 792 (1973)] is used where a plaintiff is unable to provide direct proof of discrimination." *McMillian v. Lab. Corp. of Am.*, 399 F. Supp. 2d 670, 674 n.1 (M.D.N.C. 2005) (citing *White v. Fed. Express Corp.*, 939 F.2d 157 (4th Cir. 1991)). In *Reeves*, the Supreme Court

11

applied the *McDonnell Douglas* framework to an ADEA discrimination case. *See Reeves*, 530 U.S. 133, 142; *Gonzalez-Lord v. Thompson*, 58 F. App'x 591, 593 n.* (4th Cir. 2003) ("The *McDonnell Douglas* framework is also applied to age discrimination cases."). Plaintiff did not present direct evidence of discrimination, but instead adopted the *McDonnell Douglas* framework in her analysis, thus signaling acceptance of the framework. *See* Pl.'s Resp. to Def.'s Mot. for Summ. J. at 3 (docket no. 31).

To establish a *prima facie* case of discrimination under the *McDonnell Douglas* framework, a plaintiff must show by a preponderance of the evidence that: (1) she was within the protected class; (2) she suffered an adverse employment action; (3) at the time of the adverse employment action, she was performing at a level that met the defendant's legitimate job expectations; and (4) she was treated worse than similarly situated workers who were either not in her protected class or were substantially younger. *See McDonnell Douglas*, 411 U.S. 792; *McMillian*, 399 F. Supp. 2d at 673.

Once a plaintiff offers sufficient evidence to establish a *prima facie* case, the burden shifts to the defendant to demonstrate a legitimate, non-discriminatory reason for the challenged action. *O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 311-12 (1996). This burden is "one of production, not persuasion." *Id.* Upon a demonstration of a legitimate, non-discriminatory reason for the

12

challenged action, the presumption of unlawful discrimination "drops out of the picture," and the burden shifts back to the employee to show that the given reason was merely a pretext for discrimination–the more likely reason for his dismissal. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511 (1993). *See also Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981); *Hawkins v. PepsiCo., Inc.*, 203 F.3d 274, 278-79 (4th Cir. 2000). The responsibility of proving that "the protected trait . . . actually motivated the employer's decision" remains with the plaintiff at all times. *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993).

Even though the *McDonnell Douglas* evidentiary scheme involves shifting burdens, discrimination cases considered under this scheme may be evaluated under established summary judgment principles. *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1315 (4th Cir. 1993). To overcome a motion for summary judgment in a discrimination case, a plaintiff must provide direct or circumstantial evidence "of sufficient probative force" to demonstrate a genuine issue of material fact as to whether the adverse employment decision was based on discriminatory grounds. *Goldberg v. B. Green & Co.*, 836 F.2d 845, 848 (4th Cir. 1998). Failure to establish a *prima facie* case or failure to show a genuine factual dispute over the employer's legitimate, non-discriminatory explanation means the plaintiff has not

13

met her burden of proof. *Mitchell*, 12 F.3d at 1315. Here, Plaintiff has failed to establish a *prima facie* case.

Plaintiff was required to prove by a preponderance of the evidence the fourth element of a discrimination *prima facie* case: that she was treated worse than similarly situated workers who were either not in her protected class or were substantially younger. *See McMillian*, 399 F. Supp. 2d at 673. To satisfy this element, Plaintiff must show that her circumstances were essentially identical to those of the other teacher, save for her race and age. *Purchase v. Astrue*, 539 F. Supp. 2d 823, 830 (E.D.N.C. 2008); *Cooner v. Clayton*, No. 5:06-CV-338-D, 2008 WL 821541 at *6 (E.D.N.C. Mar. 26, 2008). Plaintiff must prove that she was "'similarly situated in all relevant respects'" to the worker outside the protected class. *Cronquist v. City of Minneapolis*, 237 F.3d 920, 928 (8th Cir. 2001) (quotation omitted). "The test for whether employees are similarly situated to warrant a comparison to the plaintiff is 'rigorous.'" *Id.* (quotation omitted). *See also Purchase*, 539 F. Supp. 2d at 830 (adopting the *Cronquist* test).

Plaintiff claims the fourth element is satisfied by identifying Ms. Byrd, a "Caucasian"[3] teacher, who was "a similarly situated employee outside the same protected class that received more favorable treatment than [Plaintiff]." Pl.'s Resp. to Def.'s Mot. for Summ. J. at 6 (docket no. 31). Plaintiff alleges that Ms.

---

[3] Plaintiff describes Ms. Byrd as "Caucasian" in her brief, which contradicts her deposition quoted below.

14

Byrd used physical force against an African-American student, but she was not forced to resign, thus showing disparate treatment. *See id.* Plaintiff alleges she has evidence of Ms. Byrd's incident in the form of an incident report written by a witness to the altercation, but she fails to submit the report to the court. *See id.* Plaintiff also failed to provide any evidence that Ms. Byrd is outside the protected class or any evidence of Ms. Byrd's age:

> Q. How do you know Ms. Byrd is under 40?
> A. I just knew she was under 40.
> Q. Do you know for sure she's under 40?
> A. She's under 40.
> Q. And you know that Ms. Byrd is white?
> A. She has a white light skin color.
> Q. Do you know what race Ms. Byrd is?
> A. No. She could be mixed.

Pl.'s Dep. at 133 (docket no. 29, attach. no. 2). Plaintiff's bald assertion of Ms. Byrd's age does not satisfy her burden of proof by a preponderance of the evidence. In the Complaint, Ms. Byrd is described as having "white/light skin color." Compl. ¶ 4 (docket no. 2). The complaint, however, is based on race, not skin color.

To satisfy the rigorous requirements on the fourth element, Plaintiff would also have to prove that the same supervisors who decided to terminate her were responsible for not terminating Ms. Byrd. No such evidence was presented. Based on the foregoing, Defendant is entitled to summary judgment.

15

E.  Supplement Briefs

On February 18, 2009, Plaintiff filed a Supplemental Response, which she claims was "directed by The Honorable James A. Beaty . . . ."  Pl.'s Supplemental Resp. at 1 (docket no. 37).  Because Plaintiff's Supplemental Response was filed without permission and in violation of Local Rule 56.1, the brief is stricken from the record.[4]

F.  Release

Defendants alternatively argue that summary judgment should be granted because Plaintiff signed a Resignation and Release of Liability before her

---

[4] Although not considered by the Court, Plaintiff's Supplemental Response tries to recharacterize her complaint as one based on color instead of race.  *See* Pl.'s Supplemental Resp. at 2-3 (docket no. 37).  This contradicts the plain language of the complaint, which alleges: "I believe that I was discriminated against . . . because of my race (Black) . . . ."  Compl. at 2 (docket no. 2).  The court declines to rewrite Plaintiff's complaint, despite her *pro se* status, because of the lack of notice to the Defendant, and Plaintiff's reversal from her earlier position.  *See* Pl.'s Resp. to Def.'s Mot. for Summ. J. at 6 (docket no. 31) (describing Ms. Byrd as "a Caucasian teacher.").  Discrimination can be based on race if different races are involved, or on color if members of the same race are involved, but not both.  *See Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 133 n.5 (4th Cir. 2002) ("Color discrimination arises when the particular hue of the plaintiff's skin is the cause of the discrimination, such as in the case where a dark-colored African-American individual is discriminated against in favor of a light-colored African-American individual.").  Plaintiff elected to proceed with a discrimination claim based on race and cannot use a supplemental brief to amend her complaint. Additionally, the EEOC right to sue letter was based on "race" and "age."  Without an EEOC right to sue letter based on "color," Plaintiff has failed to exhaust her administrative remedies and cannot sue based on color.  *See Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974) (describing Title VII's jurisdictional requirements); *Bryant*, 288 F.3d at 132-33 (explaining the relationship between administrative and judicial proceedings).

16

employment ended. Because summary judgment is appropriate for the reasons stated above, the validity of the release is moot.

G.  Dismissal of Defendant Harris

Defendants also argue that Defendant Harris should be dismissed from the instant action. Because summary judgment is appropriate for the reasons stated above, Harris' dismissal is moot.

**IV. Conclusion**

For the reasons stated herein, Plaintiff has failed to state a claim upon which relief can be granted. Therefore, **IT IS RECOMMENDED** that the motion for summary judgment (docket no. 28) filed by Defendants Michael Harris and the Guilford County Board of Education be **GRANTED**. Furthermore, the motion to strike Defendants' Reply Brief in support of Motion for Summary Judgment (docket no. 33) filed by Plaintiff is **DENIED**. Finally, Plaintiff's Supplemental Response to Defendant's Motion for Summary Judgment is **STRICKEN**.

WALLACE W. DIXON
United States Magistrate Judge

April 7, 2009.